IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-81765 |
| | ) | |
| CAMERON SCOTT LONG and | ) | |
| CARIE LEIGH LONG, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | Filing No. 26, 27 |

## MEMORANDUM

      Hearing was held on September 9, 2005, on Filing No. 26, Motion to Avoid Lien, filed by the debtors, and Filing No. 27, Resistance, filed by University Medical Associates. Tom McGuire appeared for the debtors and Carlos Noel appeared for University Medical Associates. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (K).

      The debtors have filed a Chapter 7 case and claimed the proceeds of a personal injury accident lawsuit as exempt under Neb. Rev. Stat. § 25-1563.02. Neither the general schedules nor the schedule dealing with claims of exemption lists any dollar amount related to the personal injury lawsuit. The exemption schedule simply states that the amount is "unknown." The debtors have filed a motion to avoid the lien of various medical service providers on the proceeds.

      University Medical Associates provided medical services to one of the debtors following the personal injury, and objects to the motion to avoid lien. Pursuant to Neb. Rev. Stat. § 52-401, University Medical Associates claims a health care provider's lien against the proceeds to the extent of the creditor's usual and customary charges for the services rendered to the injured party.

      The Nebraska exemption statute, Neb. Rev. Stat. § 25-1563.02, appears clear on its face that it exempts from attachment or garnishment or other legal or equitable process and from all claims of creditors, all proceeds and benefits which are paid as compensation for personal injuries, except to the extent necessary for payment of child support. On the other hand, Neb. Rev. Stat. § 52-401 grants a lien in the same proceeds to medical professionals who provide services to the injured person.

      The Nebraska Supreme Court in <u>Bergan Mercy Health System v. Haven</u>, 260 Neb. 846, 620 N.W.2d 339 (2000), has reconciled the conflict between the statutes by determining that the more specific medical lien statute, Neb. Rev. Stat. § 52-401, takes precedence over the general exemption statute, Neb. Rev. Stat. § 25-1563.02. Therefore, by separate order, the motion to avoid the lien of University Medical Associates in the proceeds of any lawsuit or insurance payment related to the personal injury for which medical services were provided will be denied.

      DATED this 13th day of September, 2005.

                                                     BY THE COURT:

                                                     /s/ Timothy J. Mahoney
                                                     Chief Judge

Notice given by the Court to:
    *Tom McGuire
    Carlos Noel
    U.S. Trustee


*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.